# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**FRANK J. GALLO,**
**Defendant Below, Petitioner**

**v.)  No. 25-ICA-199**          (Cir. Ct. Marion Cnty. Case No. CC-24-2024-C-51)

**FRANK LEONARD GALLO,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner Frank J. Gallo appeals the Circuit Court of Marion County's May 1, 2025, order which granted Respondent Frank Leonard Gallo's motion for immediate public sale of property in a partition action. Frank Leonard Gallo filed a response.[1] Frank J. Gallo did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, we find that deficiencies in the record prevent this Court from engaging in a meaningful appellate review to determine whether there is a substantial question of law or prejudicial error. For the reasons set forth below, a memorandum decision vacating the May 1, 2025, order and remanding the matter to the circuit court with instructions to enter a new order consistent with this decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Francesco Gallo died in 1967, leaving a will that was executed on July 7, 1959, and probated on July 11, 1967. The will contained provisions that subdivided a mixed use commercial building in Fairmont into four separate fee simple parcels that he devised to his children as follows: the 303 Tenth Street storefront and basement to Leonard Gallo; the apartment above 303 Tenth Street to Albert Gallo; the 301 Tenth Street storefront and basement to Joe Gallo and Albert Gallo jointly; and the apartment above 301 Tenth Street to Joe Gallo. Leonard Gallo devised his interest in the property to Frank Leonard Gallo and Joe Gallo devised his interest to Frank J. Gallo.

---

[1] Frank J. Gallo is represented by Brent A. Cameon, Esq. Frank Leonard Gallo is represented by Jeffery W. Lilly, Esq.

1

There is no recorded condominium declaration or common interest community declaration in the property's chain of title. Since the testator's death, the building has functioned as a physically and operationally divided structure. The devisees in the will historically maintained their units separately, bore costs independently, and exercised exclusive control over each unit. There was no centralized management structure and no shared expense arrangement for the common areas. The will did not address who owned the common areas or who was responsible for common area maintenance. The parties have not interfered with each other's use or possession, and they treated the property as four separate parcels. However, the Marion County tax assessor's office taxed the parties as owning undivided interests in the building, proportional to their respective ownership interests. The heirs of Albert Gallo became delinquent on their portion of the property taxes, and Frank Leonard Gallo purchased the tax lien at a tax sale. Frank Leonard Gallo obtained and recorded a tax deed dated December 20, 2023, which listed "fgallo@ma.rr.com" as the grantee. A "Corrective Deed" dated March 1, 2024, and recorded on March 4, 2024, changed the name of the grantee from fgallo@ma.rr.com to FRANK GALLO.

On March 19, 2024, Frank Leonard Gallo filed this partition action alleging that partition in kind could not be conveniently accomplished and requesting that the entire property be partitioned by allotment or through public sale. Frank Leonard Gallo also sought compensation for Frank J. Gallo's alleged "failure to share equally in the maintenance, repairs, improvements, and all other applicable costs and expenses associated with ownership of the subject property." Frank J. Gallo filed a pro se answer denying the allegations in the complaint and asserting that he has "done more than his share" of the costs associated with maintenance, improvements, taxes, insurances, etc., and was entitled to one-third of the fair market value of the property. Frank J. Gallo retained counsel and filed a motion for summary judgment, which the circuit court denied in an order entered December 12, 2024. On February 13, 2025, Frank Leonard Gallo filed a motion for immediate public sale of property, and Frank J. Gallo filed a response. A hearing on the motion was held on February 28, 2025. The circuit court heard arguments from counsel and took the matter under advisement. No evidence was taken at the hearing.

On May 1, 2025, the circuit court entered an order granting the motion for immediate public sale of property. The circuit court determined that the will's attempted subdivision of property could not be given effect and, as a result, the parties owned the property as tenants in common—a one-third interest owned by Frank J. Gallo and a two-thirds interest owned by Frank Leonard Gallo. The circuit court further found that the parties could not agree to an allotment and that partition in kind could not be conveniently made leaving only partition through sale as the appropriate remedy.

Our standard of review is as follows: "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges

2

to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (citing Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

Frank J. Gallo raises four assignments of error, but we find the issue presented in his second assignment of error—whether the circuit court misapplied West Virginia Code § 37-4-3 (1957)—is dispositive of this appeal. Interpreting West Virginia Code § 37-4-3, the Supreme Court of Appeals of West Virginia ("SCAWV") has held:

> By virtue of W. Va. Code, 37-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.

Syl. Pt. 3, *Consol. Gas Supply Corp. v. Riley*, 161 W. Va. 782, 247 S.E.2d 712 (1978).[2]

When assessing the three factors provided in West Virginia Code § 37-4-3, the circuit court in the case at hand found unresolved issues related to ownership and maintenance of the common areas and determined that partition in kind cannot be conveniently made. Further, the circuit court discussed the potential marketability issues that could affect the property's value if it was subdivided into four separate units. However, the circuit court's order does not contain findings that address specifically how the interests of either party are promoted by a sale or findings that demonstrate why Frank J. Gallo, who opposes the sale and requests partition in kind, will not be prejudiced by a sale. Without such findings, our review of the circuit court's decision to order partition through sale is hampered.

As the SCAWV has explained,

---

[2] The relevant part of West Virginia Code § 37-4-3 reads as follows:

> When partition cannot be conveniently made, the entire subject may be allotted to any party or parties who will accept it, and pay therefor to the other party or parties such sum of money as his or their interest therein may entitle him or them to; or in any case in which partition cannot be conveniently made, if the interests of one or more of those who are entitled to the subject, or its proceeds, will be promoted by a sale of the entire subject, or allotment of part and sale of the residue, and the interest of the other person or persons so entitled will not be prejudiced thereby, the court. . . may order such sale[.]

> This Court has found, in various contexts, that meaningful appellate review of the decision of a lower court sitting without a jury may occur only when specific findings of fact and conclusions of law are contained in the appellate record. Without findings of fact and conclusions of law, this Court is unable to determine the basis for the court's decision and whether any error has occurred. Consequently, in cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur.

*Mullins v. Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010) (citations and quotations omitted). In this matter, we conclude that the circuit court's findings and analysis of whether partition through sale is appropriate, particularly with respect to whether the parties' interests are promoted or prejudiced by a sale, are insufficient for meaningful appellate review. Therefore, we must vacate the circuit court's order and remand the matter with instructions to issue a new order that contains additional analysis of the three factors set forth in West Virginia Code § 37-4-3, including findings of fact that support the circuit court's conclusions.[3] The circuit court may hold an evidentiary hearing if further factual development is necessary to comply with these instructions.

Accordingly, we vacate the circuit court's May 1, 2025, order and remand this matter to the circuit court with instructions to enter a new order consistent with this decision.

Vacated and Remanded with Instructions.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] By requiring additional analysis of the factors set forth in West Virginia Code § 37-4-3, we are not suggesting that the circuit court should reach a different result. After conducting additional analysis, the circuit court may conclude that partition by sale is appropriate.